NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| WALTER HIMMELREICH, | : | CIV. NO. 24-508 (RMB) |
| | : | |
| Petitioner | : | OPINION |
| | : | |
| v. | : | |
| | : | |
| RACHEL THOMPSON, et al., | : | |
| | : | |
| Respondents | : | |

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon Petitioner Walter Himmelreich's emergency petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., Dkt. No. 1), alleging the Bureau of Prisons ("BOP") miscalculated Petitioner's release date and refused to consider him for home confinement or residential reentry center placement; Respondent's[1] expedited answer in opposition to habeas relief (Answer, Docket No. 3); and Petitioner's reply brief (Reply Brief, Dkt. Nos. 6, 7.) For the reasons discussed below, the Court will deny the habeas petition on the pleadings and briefs, without oral hearing, pursuant to Federal Rule of Civil Procedure 78(b).

---

[1] "[I]n habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Therefore, the Court will terminate Unit Manager K. Smith as a respondent in this matter.

1

I.  **BACKGROUND**

A.  **Petitioner's Incarceration and Supervised Release**

Petitioner is a prisoner who is incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). (Pet., Dkt. No. 1.) For habeas relief, he seeks application of 45 days of good conduct time to his sentence and immediate release to home confinement under 18 U.S.C. § 3624. (Pet., Dkt. No. 1 at 13.) On December 21, 2006, a judgment of conviction was entered against Petitioner in the United States District Court, Middle District of Pennsylvania, and he was sentenced to a 240-month term of imprisonment and supervised release for life, for production of child pornography in violation of 18 U.S.C. § 2251(b). *U.S. v. Himmelreich*, 05-cr-214-YK (M.D. Pa. ECF No. 114).[2] One of the conditions of Petitioner's supervised release was as follows:

> [t]he defendant shall not use a computer with access to any "on-line computer service" without the prior written approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

(*Id.*)

On May 25, 2021, BOP transferred Petitioner to a residential reentry center ("RRC"). (Declaration of Kellyann Smith ("Smith Decl.") Ex. 1; Dkt. No. 3-1 at 6-7.) At the RRC, Petitioner was found guilty of Prohibited Act Code 299 "Disruptive Conduct-High." (*Id.*) As a result, he was transferred back to BOP custody on August 6, 2021, for "RRC failure." (*Id.*) He completed his sentence and was

---

[2] Available at www.pacer.gov.

released from prison on January 14, 2022. (Declaration of Christina Clark ("Clark Decl."), Ex. 1, (Dkt. No. 3-2 at 10.))

On November 2, 2023, a judgment of conviction was entered against Petitioner for violation of supervised release, in Criminal Action No. 05-cr-214-YK, for conduct that occurred on May 24, 2023. (Clark Decl., Ex. 2, Dkt. No. 3-1 at 12-17.) Petitioner was sentenced to a 10-month term of imprisonment, followed by reimposition of a term of supervised release for life. (*Id.*) Petitioner's projected release date is March 26, 2024, which represents the full term of his sentence to imprisonment. (Clark Decl., Ex. 1, Dkt. No. 3-2 at 7.)

B.  **The Petition**

On or about January 26, 2024, Petitioner filed an emergency petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner states that upon his arrival at FCI Fort Dix on November 30, 2023, his case manager informed him that he would not be considered for placement in a halfway house or home confinement. (Pet., Dkt. No. 1 at 4.) Petitioner began the administrative remedy process to challenge BOP's determination not to consider him for prerelease custody, but he did not receive a timely response to his grievance. (*Id.*) Petitioner's prison records indicate that he was eligible for home confinement beginning February 26, 2024. (*Id.* at 6.)

On December 12, 2023, Petitioner received a copy of his Sentence Monitoring Computation Data and learned he would not receive good conduct time for his 10-month sentence for violation of supervised release. (*Id.* at 4-5.) On January 4, 2024, Petitioner learned that DSCC encoded his new sentence incorrectly, which precluded

3

him from receiving good conduct time for a partial year sentence. (Pet., Dkt. No. 1 at 5.) If his sentence had been encoded as a continuation of his original sentence, he would have received a pro-rated amount of good conduct time for a sentence of less than a year. (*Id.*) Petitioner relies on *United States v. Johnson*, 529 U.S. 694 (2000), and argues that his post-revocation penalty must be attributed to his original conviction. (*Id.*) Finally, Petitioner challenges his sentence to supervised release as unconstitutional. (Pet., Dkt. No. 1 at 8-12.)

### C.     The Answer

Respondent opposes relief for the following reasons. First, pursuant to 18 U.S.C. § 3624, Petitioner is not entitled to good conduct time for service of a sentence that is less than one year. (Answer, Dkt. No. 3 at 3.) Second, BOP provided Petitioner the statutory consideration for RRC placement or home confinement required by 18 U.S.C. § 3621, and the Court lacks jurisdiction to review the BOP's discretionary determination. (*Id.* at 4.) Third, Petitioner failed to exhaust administrative remedies. (*Id.*) Finally, Petitioner's constitutional challenges to the validity of his sentence upon revocation of supervised release must be raised in his sentencing court. (*Id.* at 5.)

### D.     Petitioner's Reply Brief

In his reply brief, Petitioner reiterates that the Supreme Court in *Johnson*, *supra*, held that violation of supervised release is an extension of the original crime, not a new sentence. (Reply Brief, Dkt. No. 6 at 3.) Therefore, he should receive

4

good conduct time credit. On the issue of exhaustion of administrative remedies, the response to Petitioner's BP-9 was due on December 28, 2023, and he did not receive a response until February 9, 2024. (Reply Brief, Dkt. No. 6 at 4.) Regarding BOP's RRC or home confinement placement decision, Petitioner asserts Respondent failed to acknowledge that 18 U.S.C. § 3624, as amended by the First Step Act, states: "The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."

## II.   DISCUSSION

### A.   Exhaustion of Administrative Remedies

Before a federal inmate can seek habeas relief under 28 U.S.C. § 2241, he must ordinarily exhaust his administrative remedies. *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-62 (3d Cir. 1996). The judicially imposed exhaustion requirement serves the following purposes: 1) facilitates judicial review by allowing the appropriate agency to develop a factual record and apply its expertise; (2) conserves judicial resources by permitting agencies to grant the relief requested; and (3) fosters administrative autonomy by providing agencies the opportunity to correct their own errors. *Moscato*, 98 F.3d at 761-62. A "prison render[s] its administrative remedies unavailable" by failing to respond to the prisoner's grievance under the prison's own procedural rules." *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 154 (3d Cir. 2016). Additionally, district courts should permit a case to proceed in the absence of exhaustion of administrative

remedies if it finds that "prison officials thwarted the effective invocation of the administrative process through threats, game-playing, or misrepresentations, either on a system-wide basis or in the individual case[.]" *Ross v. Blake*, 578 U.S. 632, 648 (2016).

Respondent submits that Petitioner did not fully exhaust his administrative remedies. Petitioner argues that Respondent failed to provide a timely response to his BP-9 administrative remedy form, and, thus, interfered with his ability to exhaust administrative remedies. BOP regulations provide, "response [to a BP-9] shall be made by the Warden or CCM within 20 calendar days." 28 C.F.R. § 542.18  At the institution level, the time for a response may be extended 20 days, in writing by staff. *Id.*  An "inmate may consider the absence of a response to be a denial at that level."

The record shows Petitioner filed an administrative remedy request for placement in an RRC or home confinement with the warden on December 8, 2023, and no response was provided. (Clark Decl. ¶ 8, and Ex. 3, Dkt. No. 3-2 at 19.) Pursuant to § 542.18, when Petitioner did not receive a timely response or written extension of time by December 28, 2023, his next step was to file a regional appeal. *See* 28 C.F.R. § 542.15.  He did not do so.

The only issue over which this Court has habeas jurisdiction concerning BOP's RRC or home confinement placement decision is whether BOP made an individual assessment of the factors under § 3621(b). *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 248 (3d Cir. 2005). Petitioner did not exhaust this claim. (*Id.*, Ex. 4, Dkt. No. 3-2 at 21.) This claim is dismissed without prejudice for failure to exhaust

6

administrative remedies.

Turning to the issue of good conduct time, on December 28, 2023, Petitioner filed an administrative remedy request for good conduct time with the BOP Central Office. (Clark Decl., ¶ 8, and Ex. 4, Dkt. No. 3-1 at .) BOP rejected this request because it was filed at the wrong level. (*Id.*) Petitioner did not file any further administrative remedies. (*Id.*) Petitioner failed to properly exhaust this claim by beginning at the institution level. However, Petitioner challenges BOP's statutory interpretation of 18 U.S.C. § 3624(b). *Vasquez*, 684 F.3d at 433–34 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Therefore, the Court will excuse Petitioner's failure to exhaust and consider the merits of this claim.

Petitioner did not file any grievances regarding the following claims: 1) 18 U.S.C. § 3583 is unconstitutional; 2) the Administrative Office of the United States Courts "is not properly constituted" in violation of the Constitution; and 3) the United States Office of Probation and Parole is "improperly delegated as a Judicial Branch Agency." In any event, the Court lacks jurisdiction over these claims, which appear to challenge Petitioner's sentence to supervised release for life, an issue which must be raised under 28 U.S.C. § 2255 in his sentencing court. *See generally*, *Jones v. Hendrix*, 599 U.S. 465 (2023) (except under unusual circumstances, federal prisoners may only challenge the validity of their convictions and sentences in their sentencing courts under 28 U.S.C. § 2555). Thus, the Court turns to the merits of Petitioner's claim that he is entitled to good conduct time on the sentence imposed upon violation of the conditions of supervised release.

### B.     Good Conduct Time

Federal prisoners receive good conduct credit toward service of a sentence pursuant to 18 U.S.C. § 3624(b), which provides, in relevant part:

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. ... Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment.

Under the plain language of the statute, a prisoner may only receive good conduct credit if he is serving a term of imprisonment of more than one year. Petitioner claims, pursuant to *Johnson*, his sentence upon revocation of supervised release is part of his original sentence to a term of imprisonment of more than one year, therefore, he is entitled to pro rata good time credit on his subsequent 10-month term of imprisonment.  The Supreme Court did not decide this issue in *Johnson*, but rather the Court held that, in the context of an *Ex Post Facto* Clause challenge to the retroactive application of 18 U.S.C. § 3583(h), post-revocation penalties are attributed to the original sentence.

It appears that every court to have considered whether federal prisoners who are serving terms of imprisonment of less than one year, imposed upon revocation of supervised release under 18 U.S.C. § 3583(h), have held the relevant term of

imprisonment for purposes of good conduct credit is that imposed upon revocation of supervised release, not the original sentence. *Carter v. Salazar*, No. 3:19-CV-01969-CL, 2020 WL 5996577, at *2 (D. Or. Aug. 20, 2020), *report and recommendation adopted sub nom. Carver v. Salazar*, No. 3:19-CV-01969-CL, 2020 WL 5994996 (D. Or. Oct. 8, 2020) (citing *Branan v. Cox*, 2020 WL 3496961, at * 1 (D. S.D. June 29, 2020); *Parks v. Quay*, 2020 WL 2525957, at *1-2 (M.D. Pa. May 18, 2020) (citing cases)); *accord, Buchanan v. Hemingway*, No. 2:21-CV-10683, 2022 WL 2119537, at *3 (E.D. Mich. June 13, 2022), *reconsideration denied sub nom. JESSE TYRONE BUCHANAN, Petitioner, v. J. HEMINGWAY, Respondent*, No. 2:21-CV-10683, 2022 WL 2812654 (E.D. Mich. July 18, 2022), *aff'd sub nom. Buchanan v. Hemingway*, No. 22-1710, 2023 WL 5184310 (6th Cir. May 16, 2023), and motion for relief from judgment denied, No. 2:21-CV-10683, 2023 WL 2472622 (E.D. Mich. Feb. 10, 2023) ("holding "an inmate who is serving a revocation term is only entitled to additional good credit time under the First Step Act on the revocation term and not on the underlying sentence that had already been satisfied") (citing *White v. Sproul*, No. 19-CV1291-SPM, 2021 WL 1854642, at *2 (S.D. Ill. May 10, 2021) (citing *Kmiecik v. Hudson*, No. 20-3219-JWL, 2020 WL 8669813 (D. KS. Nov. 24, 2020); *Smith v. Williams*, No. 4:19-cv-02819, 2020 WL 3453124 (N.D. Ohio June 8, 2020); *accord, Hedges v. United States Marshals Serv.*, No. CV 5:22-294-DCR, 2022 WL 17177630, at *3 (E.D. Ky. Nov. 23, 2022).

In the context of good conduct credit, a prisoner will have received the

maximum good conduct credit on his original sentence because he will have served the full term of that sentence before he begins a term of supervised release. "BOP cannot award credit based on a sentence that has been completely served." *Carter*, supra, 2020 WL 5996577, at *1. Thus, all that remains after revocation is the term of imprisonment imposed for violation of conditions of supervised release. "Supervised release is imposed as part of the original sentence, but the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) (citations omitted). Upon revocation of a term of supervised release, the newly imposed term of imprisonment, if less than one year, does not meet the time requirements of 18 U.S.C. § 3624(b). The award of good conduct credit is premised on a prisoner maintaining good conduct for a prison term of at least one year. The constitutional issues that arose in *Johnson*, *ex post facto* and double jeopardy, are not present here, where the challenge is not to the validity of the conviction and sentence, but to the amount of good conduct time a federal prisoner may earn. Therefore, this Court joins the many courts which have held a prisoner serving a term of imprisonment of less than one year upon revocation of supervised release is not eligible for good conduct time under 18 U.S.C. § 3624(b).

## III. CONCLUSION

For the reasons discussed above, the Court denies the petition for writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate Order follows.

Date:  **March 4, 2024**

                         s/Renée Marie Bumb
                         RENÉE MARIE BUMB
                         Chief United States District Judge