NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **WALTER HIMMELREICH,** | : | **CIV. NO. 24-508 (RMB)** |
| | : | |
| Petitioner | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| **RACHEL THOMPSON, et al.,** | : | |
| | : | |
| Respondents | : | |

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon Petitioner Walter Himmelreich's motion to alter or amend judgment in this habeas proceeding under 28 U.S.C. § 2241, pursuant to Federal Rule of Civil Procedure 59(e) ("Mot. to Alter. J." Dkt. No. 10), and Respondent's status update advising the Court of Petitioner's release from custody. (Respt's Letter, Dkt. No. 11.) For the reasons discussed below, the Court will dismiss Petitioner's motion to alter judgment as moot.

I.   PROCEDURAL HISTORY

On or about January 26, 2024, Petitioner filed a habeas petition under 28 U.S.C. § 2241, asserting the Bureau of Prisons ("BOP") refused to credit him with 45 days of earned good conduct time, which would entitle him to immediate placement in home confinement. (Pet., Dkt. No. 1.) The Court ordered Respondent to file an

1

expedited answer to the petition. (Order, Dkt. No. 2.) On February 6, 2024, Respondent filed an answer to the petition, opposing habeas relief because: (1) Petitioner is not entitled to good conduct time on a sentence of less than one year; (2) the Court lacks jurisdiction over the BOP's placement decision; and (3) Petitioner failed to exhaust administrative remedies. (Answer, Dkt. No. 3.) Petitioner filed a reply brief in support of his petition. (Reply Brief, Dkt. No. 6.) By Opinion and Order dated March 4, 2024, this Court dismissed without prejudice Petitioner's challenge to the BOP's RRC or home confinement placement decision because Petitioner did not exhaust his administrative remedies. (Opinion, Dkt. No. 8; Order, Dkt. No. 9). Additionally, this Court found that it lacked jurisdiction over the following claims: 1) 18 U.S.C. § 3583 is unconstitutional; 2) the Administrative Office of the United States Courts "is not properly constituted" in violation of the Constitution; and 3) the United States Office of Probation and Parole is "improperly delegated as a Judicial Branch Agency. (Opinion, Dkt. No. 8 at 7.) Finally, this Court denied Petitioner relief on his claim for good conduct time. (*Id.* at 10.)

On or about March 20, 2024, Petitioner filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). On March 29, 2024, Respondent filed a status update, informing the Court that Petitioner was released from custody on March 26, 2024. (Respt's Letter, Dkt. No. 11.) Respondent argues that the habeas petition is moot due to Petitioner's release. (*Id.*) In his habeas petition, Petitioner alleged that habeas jurisdiction would continue while he is on supervised release, and his claims are capable of repetition yet evading review. (Pet.,

Dkt. No. 1 at 9, 12.)

## II.     ARTICLE III CASE OR CONTROVERSY

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted)).  A district court may only decide cases "admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (quoting *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 241 (1937)).  Incarceration satisfies the case or controversy requirement, but once a sentence has expired, there must be some collateral consequence for the habeas action to continue.  *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  Where a petitioner is attacking a sentence that has already been served, he must prove collateral consequences.  *Id.* at 148 (citing *United States v. Cottman*, 142 F.3d 160, 165 (3d Cir. 1998)).

Here, Petitioner sought immediate release from confinement based on his claims that BOP failed to properly considered the placement factors under 18 U.S.C. § 3621, and BOP failed to award him partial-year good conduct time under 18 U.S.C. § 3624(b)(1), on his 10-month sentence.  Petitioner has been released upon expiration of his 10-month sentence, but he seeks disposition of his habeas petition.  Collateral consequences do not justify continued habeas jurisdiction when they

present "no more than 'a possibility rather than a certainty or even a probability,' or pure speculation[]" of providing the petitioner relief. *Burkey*, 556 U.S. at 148 (quoting *Spencer*, 523 U.S. at 14–16)). Any claim that Petitioner might be subject to BOP's failure to consider individual placement factors or apply earned good time credits if his supervised release is revoked in the future is too speculative to constitute a collateral consequence. Therefore, these habeas claims are moot.

Petitioner also challenged the constitutionality of his term of supervised release. "Supervised release is a form of punishment that Congress prescribes along with a term of imprisonment as part of the same sentence." *Mont v. United States*, 139 S. Ct. 1826, 1834 (2019)). Therefore, such a claim must be brought in Petitioner's sentencing court. *See, e.g.*, *United States v. Seighman*, 966 F.3d 237, 239 (3d Cir. 2020) (challenging constitutionality of 18 U.S.C. § 3583(g)). Furthermore, the possibility that his sentencing court would reduce Petitioner's term of supervised release is too speculative to constitute a collateral consequence that justifies continued habeas jurisdiction under § 2241. *Burkey*, 556 F.3d at 151. Therefore, the Court will dismiss Petitioner's motion to alter or amend judgment as moot.

### III.   CONCLUSION

For the reasons discussed above, the Court will dismiss this matter as moot.

An appropriate Order follows.

Date: **April 1, 2024**

4

<u>s/Renée Marie Bumb</u>  
RENÉE MARIE BUMB  
Chief United States District Judge